IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID MICHAEL ROSEBUD MATHISON, <br><br> Defendant. | CR-09-103-GF-DLC-RKS-01 <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant David Mathison was accused of violating his conditions of supervised release by failing to report to his probation officer, using marijuana, failing to participate in drug testing and treatment, and failing to pay restitution. He admitted to the violations. Mr. Mathison should be sentenced to six months imprisonment, to be followed by 42 months supervised release.

## II. Status

Mr. Mathison plead guilty to Bank Fraud in 2009. CD 20. The offense

consisted of Mr. Mathison forging a signature to withdraw, for personal use, money that belonged to a charitable organization of which he was the president. CD 18. Mr. Mathison was sentenced in February 2010 to seven months imprisonment, with three years supervised release to follow. CD 28. His supervised release was revoked in November 2011for violating conditions by consuming marijuana and alcohol. CD 30, 43. Mr. Mathison was ordered to serve nine months in custody as a sanction for the violations, with another 51 months of supervised release to follow. CD 43.

Mr. Mathison began his current term of supervised release in June 2012. CD 47. In February 2013, Mr. Mathison's probation officer filed a Form 12a "Report on Offender Under Supervision," alleging that Mr. Mathison violated his supervised release conditions by consuming alcohol and failing to pay restitution. The report requested the court take no immediate action, but provide Mr. Mathison another opportunity to comply with his conditions. The request was granted. CD 46.

**Petition**

The United States Probation Office filed a petition on July 2, 2013, alleging Mr. Mathison committed five violations of his supervised release conditions. The petition alleged he: 1) violated standard condition #2 by failing to submit monthly

reports to his probation officer in March, April and May of 2013; 2) violated

standard condition #2 by failing to call his probation office each Monday, as his

probation officer instructed him to do, during June 2013; 3) violated standard

condition #7 by consuming marijuana, for which urine samples he submitted in

March and April of 2013 tested positive; 4) violated special conditions #1 and 2 by

failing to participate in drug abuse testing and treatment in April, May and June of

2013, and 5) violated special condition #7 by failing to make restitution payments

after February 2013.  CD 47.  Based on the petition, the undersigned issued a

warrant for Mr. Mathison's arrest.  CD 48.

**Initial Appearance**

Mr. Mathison was arrested on July 8, 2013.  CD 49.  He made an initial

appearance before the undersigned on July 11.  CD 50.  Mr. Mathison was

accompanied by Federal Defender David Ness, who was appointed to represent

him.  Assistant United States Attorney Ryan Weldon represented the United States.


Mr. Mathison said he had read the petition and understood the accusations.

The undersigned explained the Findings and Recommendations procedure,

including Mr. Mathison's right to object to the undersigned's recommendation and

his right to appear and allocute before the judge who ultimately make the

revocation decision, United States District Judge Dana L. Christensen.

Mr. Weldon stated that Mr. Mathison could be sentenced to as much as 36 months if his supervised release is revoked. Mr. Ness agreed. A revocation hearing was scheduled for July 16, 2013, in Great Falls, Montana.

**Revocation Hearing**

Mr. Mathison appeared at the revocation hearing with Mr. Ness. Mr. Weldon represented the United States. Mr. Mathison admitted violating the conditions of his supervised release, as alleged in the petition. The undersigned found the admission adequate to establish violations, and believes the violations warrant revocation. The undersigned reviewed the Findings and Recommendations procedure, including Mr. Mathison's right to object to the recommendation within 14 days of issuance, and the necessity of doing so to preserve his right to allocute before Judge Christensen.

The undersigned calculated that Mr. Mathison's violation grade is C, his criminal history category is I, and his underlying offense is a class B felony. Under those circumstances, he could be imprisoned for up to 27 months, and could be ordered to serve up to 51 months on supervised release (less any custodial time imposed). The United States Sentencing Guidelines call for three to nine months imprisonment.

Mr. Ness agreed with those calculations. Mr. Weldon asserted that the maximum term of imprisonment is actually 36 months, but otherwise agreed with the calculations. It appears the 36-month maximum is accurate. U.S. v. Knight, 580 F.3d 933 (9th Cir. 2009)(2003 amendment to 18 U.S.C § 3583(e)(3) provided that maximum incarceration period for supervised release revocation applies to each revocation, rather than all revocations on the same underlying offense, so Mr. Mathison's potential maximum is not reduced by the nine months he spent in custody for his previous revocation.).

Mr. Ness requested a sanction of three months incarceration. He argued that a sentence at the low end of the guideline range is appropriate because Mr. Mathison is well-regarded in the community for his efforts to help others. Mr. Ness said that Mr. Mathison "helps everyone but himself." Mr. Mathison does have substance-abuse problems and recognizes he needs treatment. He stopped attending treatment because of a personal conflict with his therapist. Mr. Mathison intends to pay restitution, but has not been able to afford the monthly payment. He plans to pay at least a portion of the debt with money he expects to receive in the coming months. Mr. Ness noted that Mr. Mathison has already served 16 months incarceration on the underlying offense (including a sanction for a previous revocation), and argued that additional prison time would not be productive.

Mr. Mathison addressed the court. He said that he sincerely wants to obey the law; he is not deliberately causing trouble. Mr. Mathison said that he is capable of complying with the terms of his supervised release and of being a valuable member of the community, and he apologized for falling short of his potential. He assured the court that he would succeed in his next term of supervised release. Mr. Mathison appeared to be sincere in his commitment to complying with supervised release conditions in the future. He seems ready to take personal responsibility for his actions.

Mr. Weldon requested a sanction of seven to nine months imprisonment. He argued that a term at the high end of the guideline range is appropriate because Mr. Mathison has already had his supervised release revoked once, and had been warned by his probation officer for alleged non-compliance in the current term. Mr. Weldon argued that a high-end sanction is necessary to impress on Mr. Mathison the importance of the conditions. Mr. Weldon also argued that the violations are inexcusable because Mr. Mathison could have contacted his probation officer regarding his therapy and restitution difficulties, and likely could have made alternative arrangements.

## III. Analysis

Mr. Mathison's supervised release should be revoked. He admitted to violating several conditions on multiple occasions. The violations come after he served a prison term for non-compliance, and received a subsequent warning from his probation officer.

A sanction of six months imprisonment should be imposed. Mr. Mathison's repeated violations demonstrate that a significant period of incarceration is necessary to impress on Mr. Mathison the seriousness of his court-ordered conditions. The undersigned believes six months is sufficient because Mr. Mathison does appear genuinely determined to comply with conditions in the future, and his violations – while serious – did not directly endanger the community.

Mr. Mathison should be ordered to serve 42 months on supervised release. A long term of supervised release is appropriate because Mr. Mathison struggles with substance abuse. The undersigned believes supervised release will help Mr. Mathison address that issue through treatment and testing. This will give him the best chance of complying with the law in the future, so that he can help himself as well as others.

## IV. Conclusion

Mr. Mathison was advised that the above sentence would be recommended to Judge Christensen. He was reminded that he may object to these Findings and Recommendations up to 14 days after they are issued. He was also reminded that he has a right to appear and allocute before Judge Christensen, but must properly object to preserve that right.

The court FINDS:

1. Mr. Mathison violated standard condition #2 of his supervised release by failing to submit monthly reports to his probation officer in March, April, and May of 2013.

2. Mr. Mathison violated standard condition #2 of his supervised release by failing to report to his probation officer by phone each week during June 2013.

3. Mr. Mathison violated standard condition #7 of his supervised release by consuming marijuana in March and April 2013.

4. Mr. Mathison violated special conditions #1 and #2 of his supervised release by failing to participate in substance abuse testing and treatment in May and June of 2013.

5. Mr. Mathison violated special condition #7 of his supervised release by failing to make restitution payments.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Mr. Mathison's supervised release and committing him to the custody of the United States Bureau of Prisons for six months, with 42 months supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 18th day of July, 2013.


Keith Strong
United States Magistrate Judge